UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
D.H. & R.H. individually and    )
 with  A.H. son of D.H.         )
                                )
Vs.                             )
                                )
BUREAU OF SPECIA                )
EDUCATION APPEALS OF            )
MASSACHUSETTS, AND              )
BARNSTABLE PUBLIC               )
SCHOOLS, DEFENDANTS             )
_____ )
```

COMPLAINT FOR JUDICIAL REVIEW OF
FINAL DECISION OF BUREAU OF SPECIALEDUCATION APPEALS
COMPLIANCE HEARING,  BSEA #11-1387C

**JURISDICTION**

　　　The plaintiffs seek judicial review of the decision of the Bureau of Special Education Appeals (BSEA), a division of the Massachusetts Administrative Law Appeals, pursuant to the Individuals with Disabilities Act (IDEA), 20 USC section 1415 (i)(2)(A). A copy of the BSEA's decision accompanies this complaint as **Exhibit A**. As this case arises under the laws of the United States, this court has jurisdiction over the action pursuant to 28 USC section 1331.

**PARTIES**

1. The plaintiffs, R.H., D.H. and A.H. were and are legal residents of the town of Barnstable Massachusetts. They bring this action on behalf of themselves with their son who was a student under the authority of the Barnstable Public Schools.

1

2. Defendant Barnstable Public Schools herein (hereinafter, "BPS") is a school district in the Commonwealth of Massachusetts which was responsible for providing an high school education for plaintiff, A.H.

3. Defendant Bureau of Special Education Appeals is the administrative hearing board charged with providing due process hearings for special education matters pursuant to 20 U.S.C. section 1400 et seq. and MGL. C 71B.

**VENUE**

4. Venue is proper with this court pursuant to 18 USC section 1390 (1)(B)(1)(2) because both defendants have their principal place of business in this district and because a substantial part of the events and omissions given rise to this claim occurred in Eastern Massachusetts.

**STATEMENT OF FACTS**

5. On August 19, 2010 parents filed a hearing request with the Bureau Special Education Appeals alleging that the Barnstable Public Schools had failed to offer A.H. a free and appropriate education and did not address his needs stemming from Asperger's syndrome and related issues.

6. Due to BPS gross negligence and refusal to provide a proper placement or services to A.H., the parents placed the student in an out-of-state residential therapeutic program, unilaterally and were seeking reimbursement for their expenses for his Jr. and Sr. high school years.

7. The parties attempted to resolve their issues at a resolution session but this was not successful and a hearing took place on November 29, 30th, 2011 and January 20, 2012 at the offices of the BSEA in Malden, Massachusetts.

8. The hearing officer, after the parties submitted written arguments, issued her decision on September 7, 2012. The hearing officer ordered that Barnstable shall reimburse the parents for their out of pocket tuition and related expenses for the student's placement at Franklin Academy, for the 2010 – 2011 and 2011 – 2012 school years without restriction. BPS took no action to appeal the decision of the BSEA.

9. The hearing officer's decision in the above case issued on September 7, 2012, specifically ruled that

    "the student's profile as a very intelligent young man with considerable academic potential whose education progress is impeded by features of his Asperger's Syndrome, namely difficulty in reading, interpreting, and responding to verbal and non-verbal social cues, to resolving conflicts arising from his difficulty and tendency to be rigid and argumentative. Student's academic progress also has been slowed by difficulties with decoding, encoding, and reading fluency." P.9 of the decision. "the record shows that Franklin Academy is appropriate for the student, who made both academic and social gains while there." Page 10 of Decision.
    ATTACHED AS EXIBIT # B

10. Based upon the findings of the Hearing Officer, throughout her decision of September 7, 2012, the Hearing Officer made a broad and all inclusive order specifically;

"Upon receipt from parents of appropriate documentation of expenditures, Barnstable shall reimburse parents for their out of pocket tuition and related expenses for student's placement at Franklin Academy for the 2010-2011 and 2011-2012 school years." Page 11 of Decision, noted as "Order". Exhibit #B

11. On December 2, 2012 the parents did provide the BPS a full and complete accounting of all their costs and expenses for placing their son at Franklin Academy.

12. The family did not receive any check after repeated request so they filed for a compliance hearing before the BSEA on May 3, 2013

3

13. The family did not receive any checks for any amount from Barnstable of other entity until 5/14/2013 when they did receive a check for $150,735.00 which was some $5,000.00 short of just the tuition owed to them by BPS and did not include any other expenses.

14. BPS chose not to pay the additional $5,000.00 until 1/17/2014 or some 8 months after the first check and some 15 months after the hearing decision.

15. Prior to the compliance hearing, BPS did offer to pay $5,000.00 towards the parent's non tuition costs and expenses which was rejected by the parents as their non-tuition expenses and costs were in excess of $76,000.00 for the two years their son was at Franklin Academy.

16. On November 3, 2014, a compliance hearing was held at the Bureau of Special Education Appeals, in Boston, Ma. (BSEA).  The compliance hearing was to enforce the hearing officer's decision in the above case issued on September 7, 2012.

17. At the compliance hearing the parents did explain, in great detail, and did elaborate upon the evidence and documents which supported their request for costs and expenses provided to the hearing officer and Barnstable as exhibits prior to the hearing.

18. The parents did have Dr. Thomas Hays, the education director at Franklin Academy, testify and explain the various costs and expenses and why they were necessary which BPS did not refute at the hearing. Dr. Hays did testify at the original hearing before BSEA as an expert as well.

19. Barnstable chose to put on no witnesses or present any evidence at the hearing to refute the parent's documents or costs although BPS did refute said costs and expenses in their closing arguments.

20. In her decision, the hearing officer did deny the vast majority of parental costs and expenses and was unconcerned by the substantial delay in BPS failure to make any payment to the parents thereby setting a precedent for the school districts to substantially delay payment of ordered costs and fees.

21. The hearing officer did deny or restrict the parent's claims as to:
    a. The transitional services provided to A.H. while at Franklin Academy as mandated by 20 USC 1401 (34) which cost the parents $8,009.80 during the time A.H. was at Franklin Academy. Barnstable offered no transitional services at all to A.H. while he attended the BPS in direct violation of the IDEA and MGLc 71b whatsoever.  Also see 34 CFR 300.24  "related services" which speaks to therapeutic recreation which these programs and services were clearly therapeutic in nature, as well as transitional,  as was testified to by Dr. Thomas Hayes , to help children with Asperger's to transition to the community, be able to function in it, and live independently as mandated by the IDEA.
    b. The parent's counseling and services required by Franklin Academy to help children with Asperger's which cost parents some $2,536.89. These costs are included under "related services" as statutorily definition in the IDEA,  34 CFR 300.24;  20 USC section 1401 (22) which specifically states that related

    services includes school health services, social work services in schools, and parent counseling and training, psychological services etc.

  c. The parents provided substantial testimony and detailed documentation as to the expenses incurred by them in interest and lost earnings which were calculated from the time A. H. started at Franklin up to 11- 3-2014 of $51,904.33, which was denied outright by the hearing officer.

  d. The hearing officer denied the costs for dormitory furnishings which parents had to supply at their expense however had Andrew been provided a placement by BPS these costs are statutorily included pursuant to 603 CMR 18 which requires public school to pay for all home furnishings, furniture, articles for necessary grooming and hygiene, and any normal living costs for the child to attend the program. These costs amounted to $1,066.72

## COUNT 1--- APPEAL FROM FINAL DECISION OF BUREAU OF SPECIAL EDUCATION APPEALS DECISION #11-1387C PERSUANT TO 20 USC SECTION 1415(i)(2)(2)

22. The plaintiffs incorporate by reference paragraphs 1 through 21 surfer and re-allege the same as if originally stated herein.

23. The plaintiffs seek judicial relief from the final decision of the BSEA issued on or around January 20, 2015.

24. The BSEA decision was defective in a variety of ways including but not limited to:

  a. Despite uncontradicted evidence submitted by the plaintiffs regarding the inadequacies of Barnstable's payments, the hearing officer chose to refuse to order Barnstable to make reasonable payments of the parents costs and expenses as provided under the IDEA, MGL 71B, MGLc231 sections 6C.

    b. The hearing officer refused to acknowledge the excessive time Barnstable took in the payment of just the student's tuition reimbursement thereby setting a precedent which would permit and allow other districts to delay payment ordered by the BSEA for excessive periods of time to the financial detriment of the parents, and did cause the parents to file a compliance hearing to seek Barnstable's payment of the parent's costs and fees.

    c. The hearing officer refused to acknowledge the needs of the student's unique transitional requirements given the disability of Asperger's which requires unique and specialized transitional services to be able to learn how to function in the community, and be self-sufficient, to his potential as mandated by MGLc 69 section 1 and 603 CMR 28.01(3) and 603 CMR 28.2(17) se also <u>Mr. LiLi v Maine</u> 480 F.3d.37 (1st Cir. 2007)

25. The hearing officer's ruling was narrow and injurious to the plaintiffs in this case. The hearing officer refused to acknowledge that the Supreme Court has granted to the court the ability to provide such relief as it determines to be appropriate and confers broad discretion upon the courts as to the type of relief.  See <u>Burlington v Mass</u> 471 US 359 (1985).

26. The expansive language of section 20 USC 1415 (F) contains absolutely no restriction in the forms of relief that the hearing officer can provide. The First Circuit clearly permits parental compensation for their acts and services where those requests are reasonable as is the case here. See <u>Hurry v. Jones</u> 734 F.2d. 879 items 15,16,17 (1st Cir. 1984)

27. The plaintiffs were prejudiced by the BSEA's decision as it clearly denied the parents reasonable and proper reimbursement for their costs, fees, expenses, and economic

losses suffered because Barnstable refused to provide a reasonable and proper education to A.H. and does set a dangerous president to permit school districts to delay payments without penalty or restriction.

**Wherefore** the plaintiffs pray that the decision of the Bureau Special Education Appeals, BSEA #11 -1387C be modified and/or reversed and that the parents be granted the following relief:

a. Based on the preponderance of the evidence, set aside the BSEA's decision # 11-1387C dated January 20, 2015 pursuant to 20 USC section1415(i)(2)(C)(iii) and grant the parents their expenses, fees, economic losses, and costs as enumerated herein,

b. Hear additional evidence in this case is the court may deem to be appropriate pursuant to 20 USC section 1415(i)(2)(C)(ii),

c. Award the plaintiff's attorneys fees and costs pursuant to 20 USC section 1415 section (i)(3)(B)(i)(I)

d. Grant any further relief that this Hon. Court deems to be just and appropriate.

Dated:  February 19, 2015

The Plaintiff,
D.H., R.H., & A.H.
By Their Attorney,

/s/ Michael W. Turner
BBO 565820
PO Box 910
242 Wareham Road
Marion, Ma. 02738
508-748-2362
mturner@cape.com